IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORILYS E. IRIZARRY SANTOS, et al.<br>            Plaintiffs<br><br>            v.<br><br>LUIS FORTUÑO-BURSET, et al.,<br><br>            Defendants | CIVIL NO. 09-1417 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for a preliminary injunction (**No. 5**) and Defendants' opposition thereto (No. 21). Plaintiffs have filed the instant lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of their First and Fourteenth Amendment rights for alleged acts of political discrimination committed by Defendants. For the reasons stated herein, Plaintiffs' motion is hereby **DENIED**.

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs Glorilys E. Irizarry-Santos, Wanda M. Merle-Feliciano, Dymaris Irizarry-Santiago, Awilda Marrero-Rosas, Wanda Ruiz-Arizmendi, and Elvin Santiago-Hernández are former transitory employees of the Treasury Department for the Commonwealth of Puerto Rico (the "Treasury"). Plaintiffs allege that: (1) they have been denied an extension of their contracts, (2) they have been excluded from permanent positions, and (3) they were removed from the

CIVIL NO. 09-1417 (JP)          -2-

list of eligible employees for new contracts, allegedly to ensure their exclusion from employment with the Treasury. All six Plaintiffs are affiliated with the Popular Democratic Party (the "PDP"). They worked in different offices of the Treasury throughout the Commonwealth of Puerto Rico. Plaintiffs allege that they have excellent performance evaluations and that there is no documentation within their personnel records that would warrant their exclusion from employment with the Treasury.

Defendant Luis Fortuño-Burset ("Fortuño"), a member of the New Progressive Party ("NPP"), was elected Governor of Puerto Rico in November 2008. He assumed the Office of the Governor on January 2, 2009. Just before Fortuño came into power, Plaintiffs' employment contracts with the Treasury expired in December 2008.

In January 2009, Plaintiffs applied for employment with the Treasury. Plaintiffs were not selected for employment, allegedly because of their political affiliation with the PDP. Plaintiffs allege that the individuals who were selected had less experience and fewer qualifications than Plaintiffs. However, the individuals who were hired are all allegedly members of the NPP. Plaintiffs allege that Defendants implemented a new hiring system based on political affiliation, rather than on merit. Further, in order to prevent Plaintiffs from being employed by the Treasury, Defendants allegedly removed Plaintiffs from the list of eligible

CIVIL NO. 09-1417 (JP)          -3-

candidates for permanent positions. Nonetheless, Plaintiffs continue to pursue their applications to work for the Treasury. Plaintiffs allege that the Treasury will soon be hiring new employees, but that Defendants are denying Plaintiffs an opportunity to be considered for said employment because of their political animus against Plaintiffs.

## II.   LEGAL STANDARD FOR A PRELIMINARY INJUNCTION

The general purpose of injunctive relief is to prevent future acts or omissions of the non-movant that constitute violations of the law or harmful conduct. United States v. Oregon Med. Soc., 343 U.S. 326, 333 (1952). The United States Court of Appeals for the First Circuit has set forth a quadripartite test for trial courts to use when considering whether to grant preliminary injunction requests. Lanier Prof. Serv's, Inc., v. Ricci, 192 F.3d 1 (1st Cir. 1999); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A preliminary injunction is appropriate if: (1) the plaintiff has exhibited a likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) such injury outweighs any harm which granting injunctive relief would inflict on the defendant; and (4) the public interest will not be adversely affected by granting the injunction. Narragansett Indian Tribe, 934 F.2d at 5; see, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 892 (1st Cir. 1988); Hypertherm, Inc. v. Precision Products, Inc., 832 F.2d 697, 699 & n.2 (1st Cir. 1987).

CIVIL NO. 09-1417 (JP)          -4-

Whether to issue a preliminary injunction depends on balancing equities where the requisite showing for each of the four factors turns, in part, on the strength of the others. Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611-13 (1st Cir. 1988). Although a hearing is often held prior to entry of a preliminary injunction, a hearing is not an indispensable requirement. Aoude v. Mobil Oil Corp., 862 F.2d at 893.

### III. ANALYSIS

The Court will now consider Plaintiffs' motion for a preliminary injunction in light of the test forth by the First Circuit, *supra*. Narragansett Indian Tribe, 934 F.2d at 5.

#### A. Likelihood of Success on the Merits

Plaintiffs must first show that they have a likelihood of succeeding on the merits of their complaint. Narragansett Indian Tribe, 934 F.2d at 5. Plaintiffs claim that Defendants violated their First and Fourteenth Amendment rights by discriminating against them because of Plaintiffs' political affiliation with the PDP. The United States Supreme Court has held that public employees who are discharged because of their political affiliation have an actionable claim for a violation of their First and Fourteenth Amendment rights. Elrod v. Burns, 427 U.S. 347 (1976); see Jiménez Fuentes v. Torres Gaztambide, 807 F.2d 236, 239 (1st Cir. 1986).

CIVIL NO. 09-1417 (JP)            -5-

    To establish a *prima facie* case of political discrimination in violation of the First Amendment, a plaintiff bears the burden of producing sufficient evidence, whether direct or circumstantial, that the plaintiff engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged state action. See Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 47 (1st Cir. 2004).  The plaintiff must point to evidence on the record which, if credited, would permit a rational fact finder to conclude that the challenged action occurred and stemmed from politically based discriminatory animus. González de Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).  If the evidence on the record satisfies the plaintiffs' *prima facie* burden, the burden of persuasion shifts to the defendants to proffer a nondiscriminatory reason for their actions. See Padilla-García v. Guillermo-Rodríguez, 212 F.3d 69, 77-78 (1st Cir. 2000) (stating, "[i]n a political discrimination case, the defendant bears the burden of persuading the factfinder that its reason is credible").

    In the case at bar, it is uncontested that Plaintiffs are transitory employees.  The United States Court of Appeals for the First Circuit has held that "transitory employees generally do not have a property interest in continued employment beyond their yearly terms of appointment."   Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 94 (1st Cir. 1997); see also Caro v. Aponte-Roque,

CIVIL NO. 09-1417 (JP)          -6-

878 F.2d 1, 5 (1st Cir. 1989) (stating that the Supreme Court of Puerto Rico has made it clear that transitory employees have no expectation of continued employment beyond their yearly appointments); Díaz-Ortiz v. Díaz-Rivera, 611 F. Supp. 2d 134, 146 (D.P.R. 2009).

This Court has held that the presence of a protected property interest in the cancelled government employment is one of the key factors examined when considering reinstatement. Data Research Corp. v. Hernández, 261 F. Supp. 2d 61, 75 (D.P.R. 2003) (citing Rosario-Torres v. Hernández-Colón, 889 F.2d 314, 323 (1st Cir. 1989)). Further, reinstatement prior to trial is considered an extraordinary equitable remedy that is sparingly granted. Data Research Corp., 261 F. Supp. 2d at 76.

The Court agrees with Defendants that Plaintiffs have not shown that their political affiliation was the sole motivation for the non-renewal of their contracts. Although Plaintiffs allege that Defendants knew of their political affiliation, they do not support this allegation with any further details or information. Moreover, Plaintiffs' contracts terminated in December 2008 while the PDP was still in power, a fact that weighs against Defendants' knowledge of Plaintiffs' political affiliation. Further, although Plaintiffs allege that less qualified individuals were hired to replace them,

CIVIL NO. 09-1417 (JP)          -7-

they do not specify who has been hired or what specific positions these individuals will fill.

The Court finds that Plaintiffs have not brought forth facts in the complaint sufficient to support their conclusory allegations that their contracts were not renewed due to political animus. See Ramírez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 88 (D.P.R. 2006). Given that Plaintiffs are transitory employees with a diminished expectation of a property right to their employment, coupled with the fact that reinstatement is a drastic remedy to be sparingly applied, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits of this case that would support the entry of a preliminary injunction.

### B.  Irreparable Harm to Plaintiffs

Plaintiffs must next demonstrate that they will suffer irreparable injury if the injunction is not granted. Narragansett Indian Tribe, 934 F.2d at 5. Plaintiffs must also demonstrate that there is no adequate remedy at law to compensate them for the harm they suffered. Díaz v. United States Postal Service, 668 F. Supp. 88, 94 (D.P.R. 1987). Plaintiffs allege that they have been deprived of economic opportunities, income, and their right to freedom of political affiliation. The First Circuit has held that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Romero

CIVIL NO. 09-1417 (JP)           -8-

Feliciano v. Torres Gaztambide, 836 F.2d 1, 4 (1st Cir. 1987) (quoting Elrod, 427 U.S. at 373). The First Circuit added that the "chilling effect" of lost employment because of one's political affiliation cannot be adequately redressed after the fact. Romero Feliciano, 836 F.2d at 4. On the other hand, monetary damages alone do not generally constitute irreparable harm. See DeNovellis v. Shalala, 135 F.3d 58, 64 (1st Cir. 1998); Levesque v. Maine, 587 F.2d 78, 80 (1st Cir. 1978) (holding that loss of earnings does not constitute irreparable harm).

Defendants argue that because Plaintiffs' contracts expired in December 2008, before the NPP came into power, any harm suffered by Plaintiffs was not caused by Defendants. Further, Defendants argue that if Plaintiffs prevail on their claims, they have an adequate remedy at law pursuant to Section 1983.

Because Plaintiffs' employment was for a fixed period of time, and because said employment terminated before Defendants' came into office, the Court finds that Plaintiffs' demonstration of irreparable harm is not convincing. However, if Plaintiffs were denied employment opportunities because of their political affiliation only, then they clearly have suffered an irreparable harm. At this juncture, the Court finds that this factor weakly favors Plaintiffs' argument.

CIVIL NO. 09-1417 (JP)        -9-

### C. **Balance of Interests**

Plaintiffs must next demonstrate that the injury they have suffered outweighs any harm which granting injunctive relief would inflict on the respondent. Narragansett Indian Tribe, 934 F.2d at 5. Plaintiffs do not provide any specific argumentation regarding how the harm they suffer outweighs the harm that would be inflicted upon Defendants if injunctive relief is granted.

Defendants state that the government of Puerto Rico, including the Treasury, has been forced to make budget cuts to reduce the deficit created in recent years. Said cuts include the non-renewal of transitory employee contracts. Defendants claim that the hiring freeze has affected members of both the NPP and the PDP, as well as individuals who are not affiliated with any particular political party. Because Plaintiffs likely lack a property interest in their employment as transitory employees, the Court finds that the government of Puerto Rico would experience a great hardship if it were required to reinstate Plaintiffs to their former positions, and said hardship likely outweighs the temporary loss of income that Plaintiffs have experienced.

### D. **Public Interest**

Finally, Plaintiffs must demonstrate that the public interest will not be adversely affected by granting the injunction. Narragansett Indian Tribe, 934 F.2d at 5. Without citing any

CIVIL NO. 09-1417 (JP)        -10-

judicial precedent, Plaintiffs argue that case-law from the United States Supreme Court clearly establishes that acts of political discrimination "wreck the social fabric of a nation." Plaintiffs do not provide the Court with any information specific to the instant action as to how the public interest would be affected by the granting of preliminary injunctive relief.

The Court finds that the public interest will not likely be affected if Plaintiffs' motion is denied, because Plaintiffs' contractual terms have already expired. Based on the conflicting factual allegations made by the parties, it is unclear whether Plaintiffs' prior employment positions have been filled by other employees or whether said positions have been eliminated. As such, it is unclear whether the general public is affected by a decreased number of government employees providing a public service. On the other hand, the entry of a preliminary injunction requiring reinstatement could negatively affect the public interest by placing further strain on the budget of the Commonwealth of Puerto Rico. Although the impact of six employee salaries is minimal to the overall budget, Puerto Rico is clearly facing an economic crisis and is in an especially poor position to pay unnecessary costs. Therefore, the Court finds that entry of preliminary injunctive relief is likely to have a generally harmful effect on the public interest.

Considering all four of the aforesaid factors as required by Narragansett Indian Tribe, *supra*, with the greatest weight given to

CIVIL NO. 09-1417 (JP)          -11-

Plaintiff's likelihood of success on the merits, the Court finds that injunctive relief is unwarranted.  See Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (labeling likelihood of success on the merits as the critical factor).

IV. **CONCLUSION**

In conclusion, the Court **DENIES** Plaintiffs' motion for a preliminary injunction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2009.

                                        s/Jaime Pieras, Jr.
                                        JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE